IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOODMAN MANAGEMENT LLC | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-243 |
| | : | |
| ZURICH AMERICAN INSURANCE COMPANY | : | |
| | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                                                **March 3, 2023**

      In this insurance dispute, Plaintiff Goodman Management LLC seeks coverage under property insurance policies issued by Defendant Zurich American Insurance Company for business interruption losses it sustained at commercial properties it manages due to the COVID-19 pandemic. Zurich moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Because the Third Circuit has made clear the types of COVID-19-related business losses for which Goodman seeks coverage are not losses caused by "direct physical loss of or damage to" the property as required under the policies, Zurich's motion will be granted and Goodman's First Amended Complaint dismissed with prejudice. *See Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 143 (3d Cir. 2023).

      Goodman alleges it was forced to close or severely limit operations at its properties as a result of the COVID-19 pandemic, causing "tremendous financial loss." First Amended Complaint ("FAC") ¶ 9, ECF No. 19. Its properties were covered under two separate insurance policies issued by Zurich. *See id.* ¶ 4. These policies provided coverage for business interruption losses caused by "direct physical loss of or damage to" covered property. *Id.* ¶ 6. Both policies also included "Civil Authority" coverage, which insures losses resulting from the necessary suspension of operations at an insured location due to a civil authority's action in response to physical loss or damage to a

property other than the insured location. *Id.* ¶¶ 106-07.[1] Goodman experienced loss of business income during the COVID-19 pandemic, allegedly as a result of the virus's "physical infestation" and resultant impact on the functionality of its properties. *Id.* ¶¶ 7, 14. It seeks a declaratory judgment that Zurich is obligated to cover the losses because they were sustained as a result of "property loss and damage" caused by COVID-19. *Id.* ¶ 16.[2]

Zurich moves for judgment on the pleadings. Fed. R. Civ. P. 12(c). The Court applies the same standard in resolving motions for judgment on the pleadings as it does for motions to dismiss. *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). A motion for judgment on the pleadings will therefore be granted if, drawing all reasonable inferences in favor of the plaintiff, the complaint fails to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Goodman fails to state a claim because its loss of business income due to COVID-19 is not a result of "physical loss of or damage to" the insured properties as required by the policies. "Physical damage" necessitates "a distinct, demonstrable, and physical alteration of [a] structure."

---

[1] Although Goodman claims its losses are also covered under these Civil Authority provisions, it fails to address this argument in its opposition to Zurich's motion for judgment on the pleadings. As such, any argument on this point is waived. *Skold v. Galderma Lab., L.P.*, 99 F. Supp. 3d 585, 598 (E.D. Pa. 2015). Moreover, the Civil Authority provisions do not provide coverage for the losses claimed by Goodman because the civil closure orders issued during the pandemic did not make Goodman's properties entirely unusable, required under the policies as described below, but "merely prohibited certain uses of the buildings." *Wilson*, 57 F.4th at 147.

[2] Zurich argues two exceptions to the policy apply—the "microorganisms exclusion" and the "contamination exclusion"—such that, even if the losses sustained as a result of COVID-19 are considered to have been caused by physical loss or damage, coverage is barred. Mem. Supp. Mot. 3, ECF No. 37-1. Because the Court finds Goodman's losses are not covered under the policy at all, it does not address whether the exclusions apply. *See Wilson*, 57 F.4th at 138.

*Port Authority of N.Y. & N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 235 (3d Cir. 2002).[3] When physical damage is alleged to have been caused by "sources unnoticeable to the naked eye," however, an even higher threshold is applied: damage or loss only occurs if the property's "function is nearly eliminated or destroyed, or the structure is made useless or uninhabitable." *Id.* at 236. The "loss of the ability to use property in certain ways does not render the properties useless or uninhabitable." *Wilson*, 57 F.4th at 142.

The losses caused by COVID-19 were not due to physical damage to the covered properties. First, these losses were entirely "untethered to the physical condition of the premises," which were unaltered and undamaged. *Id.* at 143.[4] Second, the properties were not made "useless or uninhabitable" by the COVID-19 pandemic. *Port Auth.*, 311 F.3d at 236. Rather, the pandemic merely limited their use for their intended purpose. The buildings "could certainly be used or inhabited, just not in the way the businesses would have liked." *Wilson*, 57 F.4th at 142-43. Finally, the properties' functionality was impaired due to the mandatory government shutdown orders, not as a result of the presence of the COVID-19 virus on the property. *See id.* The existence of a dangerous substance itself does not constitute a physical loss until it is present "in such form or quantity as to make the building unusable." *Port Auth.*, 311 F.3d at 236. Because COVID-19 did

---

[3] "Physical loss" means a "failure to maintain tangible possession of the structure." *Wilson*, 57 F.4th at 142. Goodman does not allege its properties were physically lost.

[4] Goodman claims several of the properties were altered by the addition of plexiglass barriers and sanitizing stations. *See* FAC ¶ 89, ECF No. 19. These alterations were intended to make the properties safer for patrons, rather than to "repair, rebuild, or replace" the properties as a response to covered physical damage. *Indep. Rest. Grp. v. Certain Underwriters at Lloyd's London*, 513 F. Supp. 3d 525, 534 (E.D. Pa. 2021); *see also* 2019 Policy 220, ECF No. 1-B (explaining Zurich will pay for the cost of repair or replacement for covered damaged property). Further, because Goodman alleges the physical damage was caused by a source "unnoticeable to the naked eye," it must "meet a higher threshold" than "typical examples" of alteration and render the structure "useless or uninhabitable." *Port Auth.*, 311 F.3d at 235-36.

not render Goodman's properties unusable, the virus's presence alone is insufficient to qualify as physical damage. *Wilson*, 57 F.4th at 145-46. And regardless of the existence of COVID-19 on the properties, Goodman would have experienced the same losses due to the mandatory government orders.

Although the Court is sympathetic to the plight of businesses during the COVID-19 pandemic, under *Wilson*, the plain reading of the insurance policies requires the conclusion that, as a matter of law, the losses are not covered. Zurich's motion for judgment on the pleadings will be granted.

Parties shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendment need not be permitted where it would be futile, however, such that there are no facts which could be added to the complaint that would properly state a claim. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, Goodman's losses due to COVID-19 are not covered under its policies; no added facts would change that outcome. Because a Second Amended Complaint "would not withstand a motion to dismiss," the First Amended Complaint is dismissed with prejudice. *Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.